[Civ. No. 15933. Second Dist., Div. One. May 21, 1947.]

ALLIE WALTERS SACKS, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

S. V. O. Prichard and Bodkin, Breslin & Luddy for Petitioner.

Harold W. Kennedy, County Counsel, Douglas De Coster, Deputy County Counsel, Wilbert C. Hamilton and R. R. Sleeper for Respondents.

THE COURT.—This matter came on for a hearing after the issuance of the alternative writ of prohibition. The question presented to this court is whether the alternative writ should be made peremptory. The petitioner contends that the orders appointing a guardian for her and declaring her to be an incompetent person were absolutely void, and it was upon that theory that the alternative writ was issued.

The question as to whether the orders of the superior court were absolutely void depends upon the interpretation placed upon that portion of section 1461 of the Probate Code which reads as follows: "Said citation shall be personally served on the alleged insane or incompetent person in the

same manner as provided by law for service of summons at least five days before the time of hearing." It is contended by the attorneys for petitioner that the words "personally served" mean delivering to and leaving with the incompetent person personally a copy of such citation. It is contended by the respondents that the words "personally served" are limited by the words "in the same manner as provided by law for service of summons."

We are of the opinion that the only possible construction of said portion of section 1461, *supra*, is that the citation must be delivered to and left with the person alleged to be insane.

It is contended by the respondents that actual notice to the alleged insane or incompetent person constituted a waiver, but it has been determined by the Supreme Court in every case that has been cited to us, including *Snyder* v. *Superior Court*, 206 Cal. 346 [274 P. 337], and the cases cited therein, that if a person is actually insane or incompetent, he cannot waive actual personal service, and that no attorney can appear for such incompetent.

The respondents contend that the petitioner herein cannot appear by attorney or otherwise, because of the fact that she is incompetent, but at the same time they contend that she could waive the actual service of the citation upon herself. Petitioner, however, contends that any order made without actual personal service is absolutely void and that, therefore, she is entitled to a peremptory writ, and that until properly declared incompetent, she is entitled to employ her own attorneys free and clear of any guardianship or supervision by the parties appointed by the superior court without any such actual personal service.

We think the petitioner is sustained in her contention by the decision of the Supreme Court in the Snyder case, *supra*, and that all of the points raised by the respondents are fully answered by the said decision and the cases therein cited. We think it needless to further recite the facts involved in this controversy, as they are not in dispute.

Let the peremptory writ issue as prayed for.

A petition for a rehearing was denied June 13, 1947, and respondents' petition for a hearing by the Supreme Court was denied July 17, 1947. Schauer, J., voted for a hearing.