[Civ. No. 15874. Second Dist., Div. Two. Oct. 3, 1947.]

Guardianship of the Person and Estate of ALLIE WALTERS, an Incompetent Person. CHARLES BOBST et al., Respondents, v. LEONARD WILSON et al., as Guardians *Ad Litem*, Appellants.

Leonard Wilson and Arnold Leader, in pro. per., for Appellants.

Wilbert C. Hamilton and R. R. Sleeper for Respondents.

McCOMB, J.—This is an appeal from an order decreeing that Allie Walters, sometimes known as Allie Walters Sacks,

was an incompetent person and appointing a guardian for her estate.

The undisputed facts are these:

Respondents filed a petition seeking to have Allie Walters Sacks declared an incompetent and requesting that the court appoint a guardian for her estate. A citation predicated upon the petition was duly issued but was not *personally served* on appellant Sacks.

After a hearing the probate judge found that said appellant was incompetent and appointed a guardian for her estate.

On October 17, 1946, appellants filed the present appeal from the aforementioned order. On March 31, 1947, pursuant to a petition therefor, Division 1 of this court issued an alternative writ of prohibition prohibiting the superior court from taking any further action in accordance with the order of the superior court declaring Allie Walters Sacks incompetent and appointing a guardian for her estate. On May 21, 1947, the same court filed an opinion in which it held that the order of the superior court was void for the reason that the citation issued pursuant to the petition to have appellant Sacks declared incompetent had not been *personally served* on her as required by section 1461 of the Probate Code. (*Sacks v. Superior Court*, 79 Cal.App.2d 806, et seq. [180 P.2d 922].)

On June 13, 1947, the court denied a petition for a rehearing and on July 17, 1947, a petition for a hearing was denied by the Supreme Court. On July 25, 1947, a peremptory writ of prohibition was issued directing the superior court not to take any further action conforming to the order it had before made appointing a guardian for said appellant.

In the present appeal it is claimed, as it was on the petition for the writ of prohibition, that the order appointing a guardian was void for the reason that the citation had not been *personally served* upon appellant Sacks.

Since there is a previous final decision of Division 1 of this court involving the identical facts in the same case between the same parties holding that the order appointing the guardian was void, such rule is now the law of the case and is binding upon this court. Therefore, the order from which the appeal is taken is reversed.

Moore, P. J., and Wilson, J., concurred.