[L. A. No. 20409.   In Bank.   Mar. 12, 1948.]

ALLIE WALTERS SACKS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Bodkin, Breslin & Luddy and S.V.O. Prichard for Petitioner.

Harold W. Kennedy, County Counsel, Wm. E. Lamoreau, Deputy County Counsel, R. R. Sleeper, Wilbert C. Hamilton and Harold A. Slane for Respondents.

SHENK, J.—Petitioner, an alleged incompetent, seeks a writ of prohibition to restrain the superior court from taking any further proceedings against her based upon an assertedly void citation.

On July 16, 1946, Charles Bobst instituted the incompetency proceeding by applying to the superior court for the appointment of a guardian of the estate and person of petitioner. Pursuant to section 1461 of the Probate Code, the clerk immediately issued a citation. Later, on representation that the original citation had been lost, the court ordered the clerk to issue an alias citation. When the matter came on for hearing on August 12, 1946, petitioner did not appear in court because she had not been served with process, and the matter was continued to August 19th. On the latter date petitioner, although physically able to appear, still had not been served and was not present. Nevertheless the court conducted a hearing, adjudged petitioner incompetent, appointed a guardian of her estate, continued the matter of appointment of a guardian of her person to September 16, 1946, and directed the clerk to issue an alias citation. On September 16th there was no showing that the alias citation last issued had been served. The court therefore ordered that the matter of appointment of a guardian of the person

of petitioner be marked "off calendar." It was never restored to the calendar nor was the clerk ever directed to issue a further citation or other process.

On October 17, 1946, petitioner appealed from the order of August 19th appointing a guardian of her estate. The order was appealable and stayed the power of the guardian except for certain specified purposes (Prob. Code, §§ 1630, 1631). The alleged incompetent was entitled to prosecute the appeal (*Matter of Moss*, 120 Cal. 695 [53 P. 357] ; 14 Cal.Jur., § 16, p. 359).

On March 31, 1947, during pendency of the appeal, petitioner sought a writ of prohibition to restrain further proceedings in the matter of the guardianship of her estate on the ground that she had not been personally served with citation.

On May 1, 1947, the clerk, acting solely upon his own motion and without any order of court, issued a new citation requiring petitioner to appear on May 15th to show cause why she should not be adjudged incompetent and why a guardian should not be appointed both of her person and of her estate. This is the citation which is under attack in the present proceeding. At the time of its issuance the appeal from the order appointing a guardian of petitioner's estate was pending, as was the prohibition proceeding instituted in March, 1947. On May 15, 1947, the date the citation was returnable, petitioner appeared in court in person and by counsel and, because of the pendency of the prior prohibition proceeding, objected to any proceedings based on the citation. The court thereupon continued the matter.

On May 21, 1947, a decision was rendered in the prohibition proceeding of March, 1947 (*Sacks* v. *Superior Court*, 79 Cal.App.2d 806 [180 P.2d 922].) It was held that because of failure to make personal service of process upon petitioner, the proceedings for appointment of a guardian of her estate were void, and a peremptory writ of prohibition was directed to be issued as prayed. On June 13th, a rehearing was denied and on July 17th a hearing in this court was denied. On July 25th, the peremptory writ issued.

On July 17th, the present proceeding was commenced to obtain a writ of prohibition to restrain the court from proceeding under the citation issued by the clerk of his own motion on May 1st, the hearing under that citation having been continued to July 18th.

On October 3, 1947, the appeal from the order appointing a guardian of petitioner's estate was decided (*Guardianship of Walters*, 81 Cal.App.2d 684 [184 P.2d 684]). The order was reversed on the ground that the decision in the prior prohibition proceeding established the invalidity of the order as the law of the case.

In the present proceeding it is asserted that the citation of May 1st issued by the clerk of his own motion was unauthorized and void and can not be made the basis of further proceedings for two reasons: First, because section 1461 of the Probate Code empowers the clerk of his own motion to issue only an original citation, and not subsequent citations; second, because at the time of issuance, the appeal from the order appointing a guardian of the estate was pending and jurisdiction of the cause had been thereby removed from the probate court. The first point will not be considered as the second point is well taken and is determinative of the cause.

A duly perfected appeal divests the trial court of further jurisdiction in the cause and of power to act other than with respect to specified excepted or collateral matters (*Estate of Hanley*, 23 Cal.2d 120, 123 [142 P.2d 423]; *People* v. *Sonoqui*, 1 Cal.2d 364, 366 [35 P.2d 123]; *Estate of Waters*, 181 Cal. 584 [185 P. 951]; *Linstead* v. *Superior Court*, 17 Cal.App.2d 9, 12 [61 P.2d 355]; *Rosenberg* v. *Bullard*, 2 Cal.App.2d 118 [37 P.2d 521]; *Bailey* v. *Superior Court*, 125 Cal.App. 748 [14 P.2d 151]; 2 Cal.Jur. § 178, p. 415; Prob. Code, §§ 1630, 1631; Code Civ. Proc., § 946).

Here the appeal from the order appointing a guardian of petitioner's estate removed that entire matter from the probate court to the court of review. The probate court was therefore without jurisdiction of the cause when the clerk issued the purported citation of May 1st.

The citation, it is true, purported to cover both the matter of guardianship of the estate and the matter of guardianship of the person which was "off calendar." But the citation cannot for that reason be said to have been void as to the estate matter and effective as to a separate or collateral matter, i. e., the personal guardianship. The clerk, by his issuance of process, could not thus split the proceeding. The jurisdictional defect as to the estate matter rendered the entire citation void.

It must be noted that the citation did not issue as a result of the filing of a new incompetency proceeding, nor did it

summon petitioner to the trial of any new issue of fact, or to show cause with respect to any new matter occurring subsequent to the hearing of August 19, 1946. It issued as a citation to try the very issues which were or could be raised under the original citation, including the identical matter of guardianship of the estate which had been heard and determined by the probate court and was on appeal. It sought a complete retrial of issues already heard or matters which were "off calendar." A second trial could not be so instituted until disposition had been made of the appeal from the order on the first trial.

It cannot be successfully maintained that because the order appealed from was a void order, the probate court was free to treat it as a nullity and proceed with a trial de novo. The probate court had made the order as a valid order and was committed to that position. The correctness of its adjudication was the very issue left open during the pendency of the appeal and of the prior prohibition proceeding. By the appeal jurisdiction of the cause passed to the court of review, so that at the time the citation issued, the cause was no longer in the probate court and it had no jurisdiction to issue process therein.

In the case of *State* v. *Kleckner,* 116 Ore. 371 [239 P. 817, 240 P. 1115] in an analogous situation the court said: "It is clear that the first judgment entered is null and void on account of failure to obtain jurisdiction over the persons affected thereby.

"Is the second judgment of any force or effect, based upon service of summons after appeal from the first judgment had been perfected? We think not. No doubt the second summons was issued in the hope of curing what was then recognized to be a fatal error. However, after the appeal was perfected, the lower court lost jurisdiction of the cause and could take no step to defeat appellants of the right to prosecute their appeal with effect. It is not a question of correcting the record so as truly to set forth the proceedings as they actually occurred (citing cases). A recognition of any other rule would lead to uncertainty and confusion in litigation, and in effect would enable the lower court to review its own proceedings (citing cases)."

Let the peremptory writ issue as prayed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.