[Civ. No. 49240. Second Dist., Div. One. Nov. 15, 1976.]

MARGUERITE G. RICHER, as Executrix, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY et al., Respondents;
DONNA DEE RAYBURN COOK, Real Party in Interest.

## Counsel

Ben F. Goldman, Jr., and Kenneth G. Petrulis for Petitioner.

No appearance for Respondents.

Allen, Fasman & Janger and John L. Allen for Real Party in Interest.

## Opinion

LILLIE, Acting P. J.—Marguerite G. Richer, executrix of the estate of Edmond R. Richer, deceased, filed the within petition for writ of mandate to compel the superior court to vacate its order of June 11, 1976, granting the motion of Donna Dee Rayburn Cook, real party in interest, to abate a petition filed pursuant to section 851.5, Probate Code, and thereafter enter an order denying said motion. This court issued alternative writ.

The following chronology of events[1] begins with the death of Edmond R. Richer, the record owner of certain real property on Rising Glen Road in Los Angeles, on December 23, 1973. Twenty-three days later, on January 16, 1974, Donna Dee Rayburn Cook filed an action entitled "Donna Dee Cook, nee Rayburn v. Edmond R. Richer, Marguerite G. Richer, et al.," No. WEC 31972, for declaratory relief and damages and to impose and enforce a trust, cancel a void or voidable instrument and quiet title to the Rising Glen Road property on which she has resided since October 1965 and of which she claims to be the true owner.

On August 14, 1974, Marguerite G. Richer, a resident of Connecticut, filed in Los Angeles County petition for probate of a foreign will and issuance of letters testamentary (No. P-605574); on December 4, 1974, the will of Edmond R. Richer was admitted to probate, and she was appointed executrix. Thereafter on February 4, 1975, Cook filed in the probate proceeding a creditor's claim for $76,000, and asserted her right

---

[1]Pursuant to the request of petitioner and real party in interest, we take judicial notice (§ 459, Evid. Code) of this court's file in 2d Civ. No. 48552, entitled Donna Dee Rayburn Cook, petitioner, v. The Superior Court of the State of California for the County of Los Angeles, respondent, Marguerite G. Richer, Executrix of the Estate of Edmond R. Richer, Deceased, real party in interest.

to the Rising Glen Road property founded on the facts alleged in WEC 31972.

Claiming reliance upon the provisions of Probate Code section 405.3, and on May 27, 1975, Cook served summons and complaint in WEC 31972 upon the Secretary of State. On June 26, 1975, executrix gave notice of rejection of Cook's creditor's claim in the probate proceeding. On July 18, 1975, the superior court (Judge Rittenband) granted motion of executrix to quash service of summons and complaint in WEC 31972, ruling that Cook failed to effectuate proper service on executrix. Meanwhile, the statutory three-month period as provided in section 714, Probate Code, within which suit must be brought on rejected claim, expired on October 1, 1973.

Cook again served the Secretary of State with summons and complaint in WEC 31972, on November 12, 1975, in an attempt to effectuate service pursuant to Probate Code, section 405.3. One day later, on November 13, 1975, executrix filed in the probate proceeding (P-605574) a petition and declaration pursuant to section 851.5, Probate Code, to determine title to the Rising Glen Road property. On December 10, 1975, executrix filed motion to quash service of summons and complaint in WEC 31972. The next day (Dec. 11, 1975) Cook filed objection to hearing of the 851.5 petition to determine title to real property on the ground that another action (WEC 31972) dealing with the same subject matter was pending and, in the alternative, moved for a continuance of the hearing on said petition for purposes of filing a response, conducting discovery and preparing for hearing. On December 24, 1975; Judge Rittenband granted motion of executrix to quash service of summons and complaint in WEC 31972. Action No. WEC 31972 since has been abandoned by Cook because she never obtained jurisdiction over the person of executrix.

On December 24, 1975, the probate court (Judge Lake) denied Cook's motion to abate, and continued hearing on motion for continuance to December 29, 1975. On December 29, 1975, Cook's objection to hearing the 851.5 petition on the ground of another action (WEC 31972) pending was denied by Judge Lake; he granted her motion for continuance of hearing date on the 851.5 petition to March 24, 1976, as requested by Cook to give her time in which to file a response, conduct discovery and prepare for the hearing.

On February 9, 1976, Cook's attorneys withdrew, and her new counsel, Allen, Fasman & Janger were substituted of record on March 8, 1976; on March 11, 1976, they moved to continue the March 24, 1976, hearing on the 851.5 petition on the ground that additional time was needed to prepare for the hearing; Judge Lake continued the hearing to April 12, 1976.

Six days after obtaining the continuance, and on March 17, 1976, Cook filed a new action entitled "Donna Dee Rayburn Cook v. Marguerite G. Richer, Executrix of the Estate of Edmond R. Richer, Deceased," No. WEC 42114, seeking substantially the same relief sought by her in her first action (WEC 31972); personal service was made on executrix on March 23, 1976. Shortly thereafter, on April 1, 1976, Cook filed in the probate court another motion to abate the 851.5 petition on the ground that there was a civil action pending in the superior court, this time. No. WEC 42114. Judge Lake denied the motion on April 9, 1976.

On April 12, 1976, the time set for hearing on the 851.5 petition, executrix reported "ready" for trial in Department 1; Cook's attorneys requested a continuance on the ground that she had become suddenly ill; the hearing was continued to June 9, 1976. However during this time, and on April 28, 1976, Cook filed with the Court of Appeal petition for writ of prohibition (2d Civil 48552) to restrain the probate court from hearing the 851.5 petition on the ground that it has no jurisdiction to hear it in light of the language of Probate Code, section 851.5 which makes it mandatory for the probate court to abate the petition if a civil action dealing with the same subject matter is pending. In opposition, executrix recited a dilatory course of conduct pursued by Cook to delay the resolution of the title to the Rising Glen Road property of which she is in possession.

On May 12, 1976, this court denied petition for writ of prohibition with the following order: "THE COURT: The petition for writ of prohibition, filed April 28, 1976, has been read and considered. The court has also read and considered the points and authorities of real party in interest in opposition, filed May 3, 1976. It appearing that the record supports the implied finding of the trial court that the superior court action was filed for purpose of delay, the petition is denied."

No review of the foregoing order was sought by way of petition for hearing in the California Supreme Court.

On June 11, 1976, the 851.5 petition was assigned to Department 31 (Judge Olson) for trial. Cook orally moved to abate the petition on the ground that a civil action (WEC 42114) is pending. The factual and legal situation was identical to that before Judge Lake on the same motion which was denied and became the subject of this court's order of May 12, 1976. By stipulation, copy of summons and complaint in WEC 42114 (Exh. A), and copy of this court's May 12, 1976, order (Exh. B) were received in evidence. Judge Olson granted the motion to abate.[2]

On August 6, 1976, executrix filed the within petition for writ of mandate on which we issued alternative writ. ■ Mandate is an appropriate remedy to compel the trial court to hear a matter properly before it (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, p. 784; *Lissner* v. *Superior Court,* 23 Cal.2d 711, 717 [146 P.2d 232]).

■ The main issue before us is the effect of our order of May 12, 1976. For the following reasons, we hold that our denial of Cook's petition for writ of prohibition (2d Civ. 48552) on May 12, 1976, was a conclusive decision on the merits; and conclude that Judge Olson was bound by that determination as the law of the case.

The ground of Cook's motion to abate the 851.5 petition before Judge Lake was that a civil action (WEC 42114) was pending in respect to the same subject matter. In opposition thereto, executrix submitted the "vexatious nature" of the civil action upon which the motion to abate was based, asserted that WEC 42114 had been "brought solely for the purposes of delay" and recited a lengthy course of dilatory tactics on the part of Cook culminating in the reason for the institution of the civil

---

[2]In pertinent part, Judge Olson's order recites: "The Court has considered the effect of the order received as Exhibit 2. Counsel for the petitioner urges that the Court of Appeal has ruled on the merits but this Court cannot agree. The Order Denying the Motion to Abate, dated April 13, 1976, by Judge Lake is not controlling. This is not a technical procedure matter, as to which a prior order might control the trial proceedings. [¶] Cook's motion to abate is in the same category as a ground for general demurrer which may be raised and which must be ruled upon when an objection is made to the introduction of evidence at the commencement of trial. A prior order overruling the demurrer does not preclude such an objection. [¶] Had the Court of Appeal expressly ruled on the substantive jurisdictional matter in its order, this Court would be bound by it as 'law of the case.' However, the denial of a petition for a writ of prohibition is not a determination on the merits. Exhibit 2 is no more determinative of the issue now before this Court than had a postcard been mailed by the Clerk of the Court of Appeal stating 'petition denied.' "

action[3] (WEC 42114). Thus, the issue before the probate court on the motion was, shall the court abate the 851.5 petition until the conclusion of civil action WEC 42114 pending in respect to the same subject matter. ■ ■■■ In denying the motion, Judge Lake decided the issue in the negative; although he did so by minute order without stating his reasons therefor, implicit in the denial is the finding that the civil action relied upon (WEC 42114) was filed for the purpose of delay.[4]

On her petition for writ of prohibition (2d Civ. 48552) Cook contended that the probate court "has no jurisdiction to proceed with the hearing," because the language of section 851.5, Probate Code mandates an abatement of the petition when a civil action is pending. In opposition, executrix again recited Cook's lengthy course of delay and asserted that she "has engaged in dilatory tactics designed to allow [her] to institute a second unnecessary action [WEC 42114] designed to delay and indefinitely postpone the day in court to which she [executrix] is entitled." ■ After reading and considering the petition and opposing points and authorities, we denied the petition for the reason stated in the order— that "the record supports the implied finding of the trial court that the superior court action was filed for the purpose of delay." Our denial was a decision on the merits.

■ Usually upon denial of application for an extraordinary writ by the Court of Appeal without issuance of an alternative writ or order to show cause, a mere order without opinion is entered. (*Funeral Dir. Assn. v. Bd. of Funeral Dirs.*, 22 Cal.2d 104, 106 [136 P.2d 785].) This kind of

---

[3]Executrix asserted that Cook failed to prevail on her first motion to abate based upon her first civil action, WEC 31972, heard and denied December 29, 1975; that after a review of the files Cook determined to file a new civil action for the purpose of supporting a new motion to abate resulting in the filing of WEC 42114 on March 17, 1976, several months after she (executrix) filed her 851.5 petition in the probate court (Nov. 13, 1975), and several months after she (executrix) reported "ready" for trial on the petition on December 29, 1975; that action WEC 42114 was not pending when the 851.5 petition was filed; that numerous delays were caused by Cook asking for continuances of the hearing of the 851.5 petition, at each of which she (executrix) reported "ready," and Cook's lack of good faith in stating the reasons for requesting continuances—to permit her "to file a response, conduct discovery and prepare for hearing"; that instead, Cook and her counsel "have busied themselves" with filing and pursuing motions to abate and with "the preparation of a frivolous and vexatious lawsuit," civil action WEC 42114, and that to date they have filed no response to the petition nor have they conducted any discovery.

[4]Although the probate court is said to have no general equity jurisdiction, this does not mean that the probate court does not have " 'the power . . . to apply equitable and legal principles in aid of its functions as a probate court.' " (*Estate of Bissinger*, 60 Cal.2d 756, 764 [36 Cal.Rptr. 450, 388 P.2d 682, 19 A.L.R.3d 506]; *Estate of Bullock*, 264 Cal.App.2d 197, 203 [70 Cal.Rptr. 239].)

summary denial "cannot properly be deemed a conclusive decision on the merits" (*People* v. *Medina*, 6 Cal.3d 484, 493 [99 Cal.Rptr. 630, 492 P.2d 686]) because there are many possible grounds for denial other than the merits. Thus, "without an opinion or other statement of the reasons for the decision in a particular case, there is no basis for the conclusion that it was a determination on the merits." (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 146, p. 3917.) However, this is not our case. It is true that this court denied Cook's petition for writ of prohibition without issuance of alternative writ or order to show cause, but no mere minute order denying the application was entered, rather, one giving a "statement of the reasons" for the decision to deny the petition was entered which constituted the denial a conclusive determination on the merits.

Much has been said by both Judge Olson in his order of June 11, 1976, and the parties hereto, concerning the jurisdiction of the probate court, but there has never been before either Judge Lake on the motion to abate, or before this court on the petition for writ of prohibition any issue of jurisdiction of the probate court to hear the 851.5 petition. ■ Probate jurisdiction is in the superior court, and the probate court is a department of the superior court exercising such jurisdiction. Jurisdiction and the power of the probate court are statutory (*Schlyen* v. *Schlyen* 43 Cal.2d 361, 369 [273 P.2d 897]); and prior to 1972, the superior court acting in the exercise of its probate jurisdiction was without power to try title to property asserted by a stranger to the estate as against the estate. (*Estate of Hart*, 51 Cal.2d 819, 823 [337 P.2d 73]; *Schlyen* v. *Schlyen*, 43 Cal.2d 361, 371 [273 P.2d 897]; *Estate of Dabney*, 37 Cal.2d 672, 676 [234 P.2d 962].) This limitation on probate court jurisdiction with its judicially created exceptions was subject to strong criticism, and abrogated in 1972 by amendment of Probate Code, section 851.5. The Legislature thereby (§§ 851.5, 852, 853, Prob. Code) gave the probate court the power to determine controversies concerning title to property where the party asserting an interest is claiming adversely to the estate (see 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 243, p. 5750; *Probate Court Jurisdiction: The Demise of the Privity Rule in Title Disputes,* 5 Pacific L.J., pp. 165-185; 4 Pacific L.J., pp. 243-245; 40 State Bar J. (1965) pp. 562, 596; Review of Selected 1965 Code Legislation (Cont.Ed.Bar) p. 221).

According to the language of section 851.5, Probate Code, the pendency of a civil action in respect to the subject matter of a petition

filed thereunder does not automatically abate the petition, but places the power to abate in the probate court. Thus, the question before Judge Lake was not whether, because of the pendency of a civil action, the probate court had jurisdiction to hear the 851.5 petition, subject matter jurisdiction having vested in the probate court by amendment to section 851.5, but whether because of the pendency of WEC 42114, it shall abate the petition until the conclusion of the civil action. Had Judge Lake granted the motion, the effect would have been not to divest the probate court of subject matter jurisdiction, but to halt the hearing on the petition until the conclusion of Cook's civil action to therein allow the superior court to determine title to the subject property. Actually, jurisdiction is not involved.

■ The doctrine of the law of the case extends to a denial by the Court of Appeal of an application for extraordinary writ which decides the merits thereof because "[t]he opinion denying the petition for the writ is in effect an opinion on a prior appeal, for the Legislature has chosen to provide for interim appellate review by an extraordinary writ of mandate or prohibition in lieu of appeal." (*People* v. *Medina,* 6 Cal.3d 484, 491 [fn. 7], 492 [99 Cal.Rptr. 630, 492 P.2d 686]);[5] and such determination must be adhered to throughout the subsequent progress of the cause in the trial court. At this point we will not inquire into the merits of our first decision, nor may the trial court inquire into its merits but must regard it as the law of the case. (*Pigeon Point Ranch, Inc.* v. *Perot,* 59 Cal.2d 227, 231 [28 Cal.Rptr. 865, 379 P.2d 321]; *People* v. *Vega,* 12 Cal.App.3d 970, 972 [91 Cal.Rptr. 167]; *Guardianship of Walters,* 81 Cal.App.2d 684, 685 [184 P.2d 684].) ■ "The doctrine of the law of the case is this: That where, upon an appeal, the supreme court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, the principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, and, as here assumed, in any subsequent suit for the same cause of action, and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular." (*Tally* v. *Ganahl,* 151 Cal. 418, 421 [90 P. 1049]; *Guardianship of Walters,* 81 Cal.App.2d 684, 685 [184 P.2d 684].) If Cook was dissatisfied with our May 12, 1976, order she should have applied to the California Supreme

[5]In *Medina,* defendant's application for writ of mandate after an unsuccessful motion to suppress was summarily denied without opinion by the Court of Appeal. The court held that he was not precluded from later raising the same issue on a direct appeal from the judgment. (6 Cal.3d at pp. 491-492.)

Court for a hearing (see *United Dredging Co.* v. *Industrial Acc. Com.*, 208 Cal. 705, 712 [284 P. 922]).

In *Pigeon Point Ranch, Inc.* v. *Perot*, 59 Cal.2d 227 [28 Cal.Rptr. 865, 379 P.2d 321], although involving a dissimilar situation—a minute order denial of motion to dismiss an appeal without opinion—the court held the denial to be a conclusive determination of the issue of appealability and therefore the law of the case. It set up "the various qualifications which have been made with respect to law of the case, such as the requirements that the point of law involved must have been necessary to the prior decision, that the matter must have been actually presented and determined by the court, and that application of the doctrine will not result in an unjust decision. [Citations.]" (P. 231; *People* v. *Scott*, 16 Cal.3d 242, 246 [128 Cal.Rptr. 39, 546 P.2d 327]; *People* v. *Shuey*, 13 Cal.3d 835, 842 [120 Cal.Rptr. 83, 533 P.2d 211].) We have discussed hereinabove the existence of the first two requirements. As to the third—that the doctrine of the law of the case " 'will not be adhered to where its application will result in an unjust decision' " (*People* v. *Medina*, 6 Cal.3d 484, at p. 492 [99 Cal.Rptr. 630, 492 P.2d 686], quoting from *DiGenova* v. *State Board of Education*, 57 Cal.2d 167, 179 [18 Cal.Rptr. 369, 367 P.2d 865]), the Supreme Court articulated a general guideline: "We do not propose to catalogue or to attempt to conjure up all possible circumstances under which the 'unjust decision' exception might validly operate, but judicial order demands there must at least be demonstrated a manifest misapplication of existing principles resulting in substantial injustice before an appellate court is free to disregard the legal determination made in a prior appellate proceeding." (*People* v. *Shuey*, 13 Cal.3d 835, 846 [120 Cal.Rptr. 83, 533 P.2d 211]; *People* v. *Scott*, 16 Cal.3d 242, 247 [128 Cal.Rptr. 39, 546 P.2d 327].) No such showing can be made on the basis of the record before us here. Moreover, we have only to review the record to determine that invocation of the doctrine here will not result in injustice or unfairness, but to the contrary, will enable the parties to promptly and effectively dispose of the merits of the petition under section 851.5, Probate Code.

Cook cites a denial of a jury on the hearing of the 851.5 petition as a right of which she will be deprived under section 851.5, Probate Code, if the petition is not abated. Inasmuch as she has not as yet filed a response to the petition raising issues to be heard thereon or conducted any discovery in connection therewith, and the issues have not been joined in WEC 42114, we deem it premature to determine whether Cook is

entitled to a jury on any issue arising out of either the 851.5 petition or WEC 42114, a determination which will have to be made in the particular cause. Thus, this is not a factor to be considered at this time on the matter of the invocation of the doctrine of the law of the case.

Let a peremptory writ of mandate issue as prayed.

Thompson, J., and Hanson, J., concurred.