**Gregory B. La RUE,
Petitioner-Appellant,**

v.

**Daniel J. McCARTHY, et al.,
Respondents-Appellees.**

No. 87–5512.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1987.

Decided Nov. 23, 1987.

John Hamilton Scott, Deputy Public Defender of Los Angeles County, Los Angeles, Cal., for petitioner-appellant.

Paul C. Ament, Deputy Atty. Gen., of the State of Cal., Los Angeles, Cal., for respondents-appellees.

Before HALL, NOONAN and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Gregory B. La Rue, a state prisoner at the Correctional Training Facility, Soledad, California, appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. La Rue contests the validity of his conviction for second degree felony murder, which rested upon the offense of felony child abuse. He argues that recent decisions of the California Supreme Court and Court of Appeal, which preclude a conviction for felony murder when the underlying offense is child abuse, require his release. La Rue asserts that the failure to apply these decisions retroactively to his conviction violates the equal protection and due process clauses of the fourteenth amendment.

We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

## I

## FACTS

In 1980, a jury convicted La Rue of second degree felony murder in violation of California Penal Code § 187. The underlying offense charged was felony child abuse. The victim, two-year-old Cherise, either was placed or voluntarily climbed into a bathtub of scalding water, where she received severe burns and suffered respiratory arrest. Allegedly in an effort to revive her, La Rue tied a sock around her neck so that he might massage her throat. Cherise died several days later. The cause of death was brain damage due to oxygen starvation and a severe infection arising from her burns.

La Rue appealed his conviction, which the California Court of Appeal affirmed in 1981. In 1984, after his conviction had become final, the California Supreme Court held in another case that a person could not be convicted of murder by application of the felony murder rule when the underlying offense charged is assaultive child abuse. *See People v. Smith,* 35 Cal.3d 798, 678 P.2d 886, 201 Cal.Rptr. 311 (1984). In 1985, a California Court of Appeal extended this prohibition to all forms of child abuse. *See People v. Benway,* 164 Cal. App.3d 505, 210 Cal.Rptr. 530 (1985).

After *Smith* and *Benway* were decided, La Rue filed a petition for a writ of habeas corpus in the California Court of Appeal. He contended that under the *Smith* and *Benway* cases, he should not have been convicted of murder because the underlying offense could not serve as the predicate felony for his felony murder conviction. The California Court of Appeal denied the petition and the California Supreme Court denied a petition for review. La Rue then filed a petition for a writ of habeas corpus in the California Supreme Court. Again he alleged that under *Smith* and *Benway* he was not guilty of felony murder and the failure of the state to grant his petition denied him due process. The California Supreme Court denied this petition by a "postcard denial" without opinion. La Rue then filed this petition for a writ of habeas corpus in federal district court. The district court concluded that La Rue's retroactivity argument failed for two reasons. First, the California Supreme Court already had rejected this argument on the merits. Second, because it was possible that La Rue committed a non-assaultive child abuse, the decisions La Rue cited in support of his position could not be relied upon. The district court denied the petition and this appeal followed.

## II

## STANDARD OF REVIEW

We review de novo a district court's denial of a petition for writ of habeas corpus. *Kim v. Villalobos,* 799 F.2d 1317, 1319 (9th Cir.1986).

## III

## ANALYSIS

La Rue's appeal turns on whether the *Smith* and *Benway* cases, decided after his conviction became final, apply retroactively to his case. Our review is limited to the federal constitutional issues. 28 U.S.C. § 2254(a). A discussion of the state law background, however, is essential to an understanding of the federal claims.

In holding a person cannot be convicted of murder under the felony murder rule when the underlying felony is assaultive child abuse, the California Supreme Court in *People v. Smith* applied the so-called merger doctrine, which prohibits giving a felony murder instruction when the underlying felony is "an integral part of the homicide." *Smith,* 35 Cal.3d at 803–04, 678 P.2d at 888–89, 201 Cal.Rptr. at 313–14 (discussing *People v. Ireland,* 70 Cal.2d 522, 450 P.2d 580, 75 Cal.Rptr. 188 (1969)). A felony murder instruction, however, still may be given if the underlying offense, even though an integral part of the homicide, was committed with an independent felonious purpose. *Id.* 35 Cal.3d at 805, 678 P.2d at 890, 201 Cal.Rptr. at 315 (discussing *People v. Burton,* 6 Cal.3d 375, 491 P.2d 793, 99 Cal.Rptr. 1 (1971)). According to *Smith,* because the purpose of the child abuse is the "very assault which resulted in

death," *id.* 35 Cal.3d at 806, 678 P.2d at 890, 201 Cal.Rptr. at 315, there is no independent purpose for the underlying conduct. *Id.* at 806–07, 678 P.2d at 891, 201 Cal.Rptr. at 316. The *Smith* court concluded, therefore, that the merger doctrine bars a felony murder conviction when the underlying felony is assaultive child abuse. *Id.* at 807, 678 P.2d at 891, 201 Cal.Rptr. at 316.

By limiting the *Smith* holding to assaultive child abuse, the California Supreme Court left open the possibility that a non-assaultive (that is, negligent or passive) child abuse might support a felony murder instruction. *See id.* at 808 & n. 7, 678 P.2d at 892 & n. 7, 201 Cal.Rptr. at 317 & n. 7. Indeed, the *Smith* court distinguished the *Shockley* case, an earlier California Court of Appeal decision upholding a felony murder instruction given when the child victim's death arose from malnutrition and dehydration. *Id.* (distinguishing *People v. Shockley,* 79 Cal.App.3d 669, 145 Cal.Rptr. 200 (1978)). The later *Benway* California Court of Appeal decision repudiated *Shockley* and extended the *Smith* rationale to all forms of child abuse. *See Benway,* 164 Cal.App.3d at 512, 210 Cal.Rptr. at 534 (1985).

La Rue argues that the *Benway* decision invalidates the earlier *Shockley* case and, consequently, the district court erred in finding *Shockley* was the controlling precedent.[1] We need not decide whether the district court erred in applying *Shockley.* As we explain *infra,* the California Supreme Court has foreclosed the issue by deciding not to apply *Smith* and *Benway* retroactively.

### 1. *Equal Protection*

La Rue argues that *Smith* and *Benway* must be applied retroactively to his case under the holding of the California Supreme Court in *People v. Mutch,* 4 Cal.3d 389, 482 P.2d 633, 93 Cal.Rptr. 721 (1971). *Mutch* established that a defendant is entitled to habeas corpus relief under state law

if it appears that his conviction rested on a statute later construed not to prohibit the conduct that was the basis for his conviction. La Rue contends that by the *Mutch* decision, California has established a rule of retroactivity which applies to his case; that the rule must be applied even-handedly, and that to deny him the retroactive benefit of the *Smith* and *Benway* decisions is to deny him equal protection of the law.

While we agree that once a state has established a rule it must be applied even-handedly, *Johnson v. Arizona,* 462 F.2d 1352, 1354 (9th Cir.1972), La Rue has not cited any instance in which California has applied *Smith* or *Benway* retroactively. On the contrary, in *Northrop v. Alexander,* 642 F.Supp. 324 (N.D.Cal.1986), a case substantially similar to La Rue's, the California Supreme Court refused to give retroactive effect to *Smith* and the district court denied the prisoner's petition for a writ of habeas corpus. In *Northrop,* the petitioner had been convicted of violating California Penal Code § 273a(1), felony child endangering. That conviction also served as the underlying felony for the petitioner's conviction of felony murder. Northrop claimed in her petition for habeas corpus that it was unfair, and a violation of the equal protection clause, for the California Supreme Court to give the defendant Smith the benefit of the new felony murder rule in his case while denying the benefit to her in her case. As the court in *Northrop* stated, however, the refusal by the California Supreme Court to apply the *Smith* rule retroactively might be unfair, but it is not unconstitutional. *Northrop,* 642 F.Supp. at 329. "The retroactivity of a state change of law is a state question and 'the federal Constitution has no voice upon the subject.'" *Id.* at 327 (quoting *Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932)); *see also Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973) (per curiam)

---

1. The district court concluded that La Rue might have committed either an assaultive or non-assaultive child abuse. The court held that La Rue's conviction was proper because *People*

*v. Shockley,* 79 Cal.App.3d 669, 145 Cal.Rptr. 200 (1978), permits a felony murder instruction to be given when the underlying child abuse is negligent, as La Rue claimed at trial.

(United States Supreme Court declined to order that a state constitutional ruling be applied retroactively after the state refused to do so).

While it is clear that the California Supreme Court can refuse to apply *Smith* and *Benway* retroactively to La Rue's case without violating his rights under the equal protection clause of the fourteenth amendment, the question remains whether the Supreme Court of California has made this decision. That court's postcard denial of La Rue's petition for a writ of habeas corpus was a summary denial without opinion.

In *Harris v. Superior Court,* 500 F.2d 1124 (9th Cir.1974), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975), this court conducted a careful review of the California Supreme Court's practice of denying habeas corpus petitions without opinion. We found that whatever confusion might earlier have existed, since 1969 the state supreme court has invariably noted on its denials of habeas corpus petitions the procedural grounds on which it refuses relief. *Id.* at 1127–28. We concluded that there is "now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the petition, except where a citation in the order tells us so." *Id.* at 1128.[2] This rule has been applied consistently in this circuit. *See, e.g., Kim v. Villalobos,* 799 F.2d 1317, 1319 (9th Cir.1986); *McQuown v. McCartney,* 795 F.2d 807, 809 (9th Cir.1986). We find nothing to suggest that the practice of the California Supreme Court has changed since our decision in *Harris.* Accordingly, we hold that the California Supreme Court's postcard denial of La Rue's petition for writ of habeas corpus was a decision on the merits. The gravamen of La Rue's petition for a writ of habeas corpus was that the *Smith* and *Benway* cases should be applied retroactively to his case. The rejection of La Rue's petition on its merits by the California Supreme Court was a decision not to apply *Smith* and *Benway* retroactively, a decision which as we have previously stated did not violate the equal protection clause of the Constitution.

### 2. *Due Process*

La Rue's final argument is that the state court's decision not to apply *Smith* and *Benway* retroactively violates his due process rights. As we have stated in response to La Rue's equal protection claim, however, the decision of a state court to make a ruling retroactive, prospective only, or permit limited retroactivity raises no federal constitutional issue in the context of this case. *Wainwright v. Stone,* 414 U.S. 21, 24, 94 S.Ct. 190, 193, 38 L.Ed.2d 179 (1973) (per curiam).

AFFIRMED.

---

**2.** La Rue argues that we are wrong to treat a postcard denial as a ruling on the merits. He asserts that there can be no "ruling" under California law absent a written opinion. In support of this contention, however, La Rue cites cases involving the doctrine of law of the case. *See, e.g., People v. Pacini,* 120 Cal.App.3d 877, 174 Cal.Rptr. 820 (1981) (denial of petition for habeas corpus does not establish law of the case); *Richer v. Superior Court,* 63 Cal.App.3d 748, 134 Cal.Rptr. 52 (1976) (denial of extraordinary writ does not establish law of the case because denial might be on procedural grounds).

These cases are inapposite. Law of the case concerns the effect of an appellate court's ruling on a legal issue on subsequent proceedings in the same suit. *Richer,* 63 Cal.App.3d at 757, 134 Cal.Rptr. at 57. Moreover, the doctrine general-

ly relates to proceedings before final judgment. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* § 4478, at 788 (1981). Here we are faced with appellate review of an original proceeding brought in federal court after final judgment and exhaustion of collateral remedies in state court.

La Rue's argument is flawed for another reason. The law of the case decisions suggest that summary denial of certain writs could be on grounds other than the merits. *See, e.g., Pacini,* 120 Cal.App.3d at 885, 174 Cal.Rptr. at 826. We have previously concluded, however, that the California Supreme Court only denies habeas corpus petitions without opinion when the ground for denial is on the merits. *Harris v. Superior Court,* 500 F.2d at 1127–28.