932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis G. CROPP, Petitioner/Appellant,
v.
Jack R. DUCKWORTH, Warden and Attorney General of the State
of Indiana, Respondents/Appellees.
 No. 89-2281.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1991.*
Decided April 22, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 I. BACKGROUND
 
 1
 On March 10, 1983, Dennis Cropp pled guilty to two counts of attempted rape, a Class A felony, one count of attempted rape and one count of attempted confinement, both Class B felonies. The court advised Cropp of his rights against self incrimination, to a jury trial, and to confront witnesses. Cropp acknowledged that he understood those rights and that he was waiving them by pleading guilty. The only sentencing recommendation made by the state was that the sentences run concurrently. On March 31, 1983, Cropp was sentenced to a term of 30 years for each of the Class A felonies and a term of 10 years for each of the Class B felonies, all terms to run concurrently. On May 5, 1983, the two Class A felonies were reduced to 20 years each after a finding of mitigating circumstances.
 
 
 2
 In January 1985, Cropp filed a petition for post-conviction relief, alleging violations of Indiana's guilty plea statute. Ind.Code Ann. Sec. 35-35-1-2 (West 1986). The state trial court held an evidentiary hearing on September 5, 1985 and took the matter under advisement.
 
 
 3
 At the time that Cropp filed for post-conviction relief, the failure of a trial judge personally to make a full inquiry under the Indiana guilty plea statute constituted reversible error. German v. State, 428 N.E.2d 234, 236-37 (Ind.1981). On September 10, 1986, the Supreme Court of Indiana changed the standard of reviewing guilty pleas. White v. State, 497 N.E.2d 893 (Ind.1986). The new standard placed the burden on the petitioner to establish by a preponderance of the evidence that the failure of the state court to make a full inquiry according to Indiana's guilty plea statute rendered the decision to plead guilty involuntary and unintelligent. Moreover, the new standard of review was to be applied retroactively. On October 1, 1986, Cropp's petition was denied. Petitions for rehearing and transfer to the Indiana Supreme Court were denied on February 24, 1988 and on May 4, 1988.
 
 
 4
 Cropp then petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The issues he raised were: 1) whether his guilty plea was knowing, intelligent and voluntary; and 2) whether the retroactive application of a new standard of review violates his due process and equal protection rights. The district court denied the writ. Cropp presses the same issues on appeal.
 
 II. ANALYSIS
 A. Guilty Pleas
 
 5
 Cropp argues that his conviction should be set aside because the state did not comply strictly with the mandate of its guilty plea statute. See Ind.Code Ann. Sec. 35-35-1-2 (West 1986). Specifically, he notes that the trial judge: 1) did not inform him of the possibility of an increased sentence because of prior convictions; 2) did not inform him of the possibility of the imposition of consecutive sentences; 3) did not inform him of the fact that the court is bound by the terms of the plea agreement; 4) failed to determine whether his plea was free of any threats or force; and 5) mistakenly told him that the offenses were suspendable.[1] However, in a habeas petition, the petitioner must allege a violation of the United States Constitution. Mabry v. Johnson, 467 U.S. 504, 507 (1984). The test for determining the validity of a guilty plea under the federal constitution is whether it is knowing and voluntary. Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 6
 A guilty plea is knowing when the defendant is competent, understands the charges, and is advised by counsel; it is voluntary when the defendant is fully aware of the direct consequences of the plea and when it is not induced by threats. Brady v. United States, 397 U.S. 742, 755-56 (1970). Cropp argues that he was not fully apprised of the consequences of his plea. We disagree.
 
 
 7
 Direct consequences are those that have an effect on the length or nature of the sentence. United States v. Jordan, 870 F.2d 1310, 1317 (7th Cir.1989). The record indicates that Cropp was informed of the direct consequences of his plea. The trial court explained the sentence range for each count. Although the trial court did not inform him of the possibility of an increase for prior convictions, Cropp did not have any prior convictions, and therefore his sentences were not increased. On the contrary, two of his sentences were reduced. Although the court did not inform him of the possibility of an imposition of consecutive sentences, the court imposed concurrent sentences. Although the court did not advise Cropp that it was bound by the plea agreement, it accepted the agreement as proposed. Moreover, at the plea hearing Cropp acknowledged that no promises or agreements were made outside the plea agreement. While the court erroneously informed Cropp that the sentences were suspendable, the court advised him that the sentences would not necessarily be suspended. This erroneous information, qualified as it was, in itself does not demonstrate that Cropp was not aware of the consequences of his plea. All of the sentences imposed were within the range discussed at the plea hearing. Cropp does not argue that had he been properly advised, he would not have pled guilty. United States v. Timmreck, 441 U.S. 780, 784 (1979). Nor has he shown that the technical violations of the trial court rose to constitutional violations. We hold that Cropp's plea was knowing and voluntary.
 
 
 8
 The state argues that a defendant who pleads guilty upon the advice of counsel must allege ineffective assistance of counsel when collaterally attacking his guilty plea, which Cropp has not done. Tollett v. Henderson, 411 U.S. 258, 266 (1973). Tollett clearly requires proof of ineffective assistance of counsel when asserting the lack of intelligent waiver of possible defenses that accrued prior to the plea itself. Perhaps language in Tollett could be construed as holding that a habeas petitioner who was represented by counsel at the time of his guilty plea and who was given incorrect advice of the consequences by the court cannot challenge his plea on that ground unless he establishes ineffective assistance of counsel. But see United States ex rel. Miller v. McGinnis, 774 F.2d 819 (7th Cir.1985) (assuming that Boykin v. Alabama, 395 U.S. 238 (1969), controls on collateral attack as well as direct appeal). Because we find that the record shows that Cropp's plea was knowing and voluntary, it is unnecessary to answer that question here.
 
 
 9
 B. Retroactive Application of White v. State
 
 
 10
 Cropp argues that the retroactive application of a new standard of review to post-conviction petitions filed prior to the Indiana Supreme Court's decision in White v. State violates his due process and equal protection rights under the United States Constitution. In his due process argument, Cropp suggests that White was wrongly decided. In support of his contention, Cropp relies on the reasoning in the White dissent and on Indiana case law prior to the White holding. Even if that were so, a federal court may not grant a writ of habeas corpus on the basis of an error in state law. Jones v. Thieret, 846 F.2d 457, 459 (7th Cir.1988). Again, this court only considers violations of the federal constitution when reviewing a habeas petition. Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988). White did not change the substantive constitutional right that a guilty plea be knowing, intelligent, and voluntary.
 
 
 11
 Cropp also contends that it is unfair to apply a new standard retroactively. However, the United States Constitution neither requires nor prohibits retroactive application of a judicial decision. Linkletter v. Walker, 381 U.S. 618, 629 (1965). A state may decide whether its decisions should be given retroactive or prospective application. Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364 (1932). Therefore, whether a state court's application of a new ruling is retroactive or prospective in itself raises no constitutional issue. Wainwright v. Stone, 414 U.S. 21, 24 (1973). Cropp has not established that the retroactive application of the new standard enunciated in White v. State denied him his right to due process of law.
 
 
 12
 Cropp asserts that his equal protection rights were violated by the retroactive application of White. He argues that those petitioners whose post-conviction petitions were decided before the White decision was rendered benefitted from the previous standard, whereas those who filed their petitions before White but whose cases were decided afterwards did not. The inquiry under the equal protection clause, however, is whether a new rule has been applied evenhandedly. See La Rue v. McCarthy, 833 F.2d 140, 142 (9th Cir.1987). Cropp has not shown that the Indiana courts have applied the new standard to similarly situated people in a discriminatory manner. No invidious discrimination is shown when a state modifies its laws while a case is pending. Therefore, his equal protection claim likewise has no merit.
 
 
 13
 Finally, Cropp argues that White created a new rule within the meaning of Teague v. Lane, 489 U.S. 288 (1989). Teague created a rule of nonretroactivity for cases on collateral review in a habeas proceeding. Thomas v. Indiana, 910 F.2d 1413, 1415 (7th Cir.1990). The new rule in White, however was a state rule applied in the state post-conviction proceeding. It was not the federal district court that applied the rule in the habeas proceeding. Therefore, Teague is not relevant to Cropp's habeas petition.
 
 
 14
 For all of the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 It is not clear from the record whether the trial court only meant that the Class B felonies were suspendable