### Estate of MARGARET Z. JENNINGS, Deceased

High Court of American Samoa
Trial Division

PR No. 39-88

April 7, 1993

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, and MAILO, Associate Judge.

Counsel: For Administrator Wallace Jennings, Jr.,
Togiola T.A. Tulafono
For Ilaisa J. Thompson, Roy J.D. Hall, Jr.
For David E. Jennings' Children, Charles V. Ala'ilima

Order Approving First and Final Account of Administrator and for Final Distribution:

The motion by Wallace Jennings, Jr., administrator of the estate of Margaret Z. Jennings, for approval of the first and final account and for final distribution, came regularly on February 12, 1993, for hearing. The court, having heard testimony and considered the evidence, finds:

1. Due notice of the motion has been regularly given as prescribed by law.

2. All allegations of the account are true, except to add personalty on Swains Island to paragraph 9a below.

3. Margaret Z. Jennings died intestate on August 2, 1966, while domiciled in American Samoa.

a. An unwitnessed will has been presented to the court. The entire will, including the date of March 22, 1962, and the testator's signature, is in the handwriting of one person, who appears to have been the decedent. This holographic will reflected the intended distribution of Swains Island, along with the improvements and personalty thereon, as expressed in the will of decedent's husband, Alexander Eli Jennings, to their sons, Wallace H. Jennings and David E. Jennings. This intention was not fully carried out, as decedent exercised her right of dower and thereby acquired an undivided 1/3 interest in Swains Island, and the improvements and personalty thereon, during the probate of her husband's estate. This probate was concluded on July 26, 1962.

b. The right to a testamentary disposition of property is derived from positive law. Although the common law recognized holographic wills, when legislation provides for the kind of wills which may be executed and the manner of execution, a will failing to meet those statutory requirements is not valid. *In re Brown's Estate*, 172 P. 247 (Wash. 1918); *Davis v. Davis*, 45 S.W.2d 240, 241 (Tex. Civ. App. 1931); *Ball v. Miller*, 214 S.W.2d 446, 450 (Tenn. Ct. App. 1948). A.S.C.A. § 40.0102 clearly requires that the testator's signature on any

4

will, except one involving personalty which has a total value of not more than $300, must be witnessed. Thus, decedent's holographic will cannot be recognized, except as to the personalty on Swains Island if that property has a combined value totaling no more than $300. Taking judicial notice that Swains Island is occupied and agriculturally cultivated, we infer and find that the estate's share of the personalty on Swains Island exceeds the $300 maximum limit.

4. On June 16, 1989, Wallace Jennings, Jr. was appointed administrator of decedent's estate and qualified as such on July 10, 1989. On July 24, 1989, letters of administration were issued to the administrator, who since then has been the administrator of decedent's estate.

5. Notice to creditors has been given as required by law, and the time for filing or presenting claims has expired. No claims have been filed or presented against the estate.

6. No request has been made for the court to allow and determine any fees of the administrator for discharge of his duties or any fees of his attorney for services rendered to the estate.

7. There will be no further expenses of closing the estate.

8. The estate is now in a condition to be closed.

9. The assets of the estate, which have been inventoried in the account, are not communal property and are in the hands of the administrator for distribution. The assets are as follows:

a. an undivided one-third interest, by right of dower, in Swains Island, American Samoa, and all improvements and personalty thereon;

b. an undivided one-third interest, by right of dower, in the lease of land in Village of Gataivai/Utulei, American Samoa, which was recorded on April 23, 1940, with the Territorial Registrar of American Samoa (*see* "Native Leases," Volume II, pp. 101-02); and

c. an undivided one-third interest, by right of dower, in the improvements for residential purposes on said leased land.

10. Said leased land and improvements are claimed to be communal land owned by the Atiumaletavai family, which is not in

5

privity with this estate. In the absence of statutory authorization for privity exceptions in probate proceedings, their claims with respect to the land, lease and improvements must be determined, as may become necessary, in an independent action. *See Schlyen v. Schlyen*, 273 P.2d 897, 903 (Cal. 1954); *Richer v. Superior Ct. in and for the County of Los Angles*, 63 Cal. App. 3d 748, 756, 134 Cal. Rptr. 52, 56 (1976) (limitation on probate court jurisdiction changed by statute).

11. Decedent had five children: Wallace H. Jennings, Lilly G. Billings, and David E. Jennings, who survived her but are now deceased; Ilaisa J. Thompson, who survived her and is still living; and Selepa J. Reed, who predeceased her. The latter left six children: Liki Reed, Ilaisa Reed, May R. Mageo, and Selepa Reed, who survived decedent and are still living; and Fritz Reed, Jr. and Rommel A. Reed, who survived decedent but are now deceased. Distribution should be ordered as specified below.

IT IS ORDERED that:

1. The administration of the estate is brought to a close.

2. All acts and transactions set forth in the account are confirmed and approved.

3. The statutory fees of the administrator and fees of his attorney, payable from the assets of the estate, are waived.

4. Notice to creditors has been given as required by law.

5. Decedent died intestate, leaving as her only heirs at law the persons, all adults, whose names and relationships to her are set forth below. They are to receive, as tenants in common, the property in the hands of the administrator. This property is to be distributed in the proportionate, undivided share set opposite each name.

|   | Name | Relationship | Share |
|---|------|--------------|-------|
| a. | Wallace H. Jennings' estate | Son | 1/5th |
| b. | Ilaisa J. Thompson | Daughter | 1/5th |
| c. | Lilly G. Billings' estate | Daughter | 1/5th |
| d. | Liki Reed | Grandson | 1/30th |
| e. | Ilaisa Reed | Granddaughter | 1/30th |
| f. | May R. Mageo | Granddaughter | 1/30th |
| g. | Selepa Reed | Granddaughter | 1/30th |

6

| h. Fritz Reed, Jr.'s estate | Grandson | 1/30th |
| i. Rommel A. Reed's estate | Grandson | 1/30th |
| j. David E. Jennings' estate | Son | 1/5th |

6. Any other property of the estate not now known that may belong to the estate or in which the decedent or the estate may have an interest shall be distributed in the same manner as provided in paragraph 5 of this order or, in the event any of the named heirs should then be deceased, to the estate of such deceased heir.

Judgment shall enter accordingly.