292 P.2d 952]

[Civ. No. 8920.   Third Dist.   Feb. 1, 1956.]

M. BROWN, Respondent, v. FRIESLEBEN ESTATE
COMPANY (a Corporation), Appellant.

FRIESLEBEN ESTATE COMPANY (a Corporation),
Plaintiff, v. UNITED STATES FIDELITY AND
GUARANTEE COMPANY (a Corporation) et al., De-
fendants; M. BROWN, Intervener and Respondent.

(1)

Winston Churchill Black and Rich, Carlin & Fuidge for Appellant.

Clewe, Blade & McDonald and Manwell & Manwell for Intervener and Respondent.

PEEK, J.—Petitioner Friesleben Estate Company seeks a writ of supersedeas to stay further proceedings in the first of the above-entitled matters, case Number 29411 in the Superior Court of Butte County, pending determination of petitioner's appeal from the judgment previously entered therein in favor of plaintiff-respondent, and to rectify proceedings already taken by respondent in the second proceeding, Number 28996 in said court, to enforce said judgment in alleged violation of a statutory stay.

The record, summarized chronologically, discloses the following:

June 3, 1955: Respondent Brown, as the assignee of Attorneys Ernest Clewe and Ray Manwell, obtained a judgment in action Number 29411 against petitioner estate company for attorneys' fees in the sum of $10,000 plus interest to date of said judgment together with costs.

June 14, 1955: Respondent, as the judgment creditor, filed notice of motion for a lien pursuant to section 688.1 of the Code of Civil Procedure upon petitioner's cause of action in the case of *Friesleben Estate Co.* v. *U. S. Fidelity and Guarantee Co. et al.*, being action Number 28996 in said county.

June 20, 1955: The court made an order staying execution of the judgment in action Number 29411 pending determi-

nation of petitioner's motion for a new trial and for 10 days thereafter. Respondent's motion to impress a lien and petitioner's motion for new trial were both set for hearing on July 1, 1955. Prior to July 1, the court at the request of petitioner's counsel continued the hearing of the motion for a new trial from July 1 to July 6 but denied continuance of the hearing on the lien.

July 1, 1955: The court made its order granting respondent a lien upon petitioner's cause of action in case Number 28996 for the amount of the judgment in case Number 29411. On the same day the court vacated the order of June 20 granting petitioner a stay of execution in case Number 29411.

July 5, 1955: Petitioner filed a dismissal with prejudice in action number 28996.

July 6, 1955: Petititoner's motion for a new trial in case Number 29411 was denied, as was his motion for a 10-day stay of execution.

July 14, 1955: Respondent Brown filed her notice of motion in action Number 29411 for an order vacating and setting aside the dismissal previously filed in action Number 28996 and for an order permitting her to intervene in said action to set the cause for trial and to prosecute it to final conclusion in the enforcement of the judgment lien previously granted to her.

July 15, 1955: Petitioner filed a notice of appeal from the judgment in action Number 29411 and deposited with the court, pursuant to provisions of sections 942 and 948 of the Code of Civil Procedure, the amount of $11,649.14, a sum equal to the amount of the judgment, interest to the date of judgment and costs as taxed, and the court granted petitioner's motion staying execution of said judgment.

September 8, 1955: Upon notice, the court entered its order setting aside the dismissal previously filed of action Number 28996 and permitted respondent to intervene in said action, to set the cause for trial, and to prosecute it to final conclusion. On the same day respondent filed her complaint in intervention and also filed notice of motion for an order vacating the order previously entered staying execution in action Number 29411 filed July 15, 1955.

September 29, 1955: The within petition for a writ of supersedeas was filed in this court.

September 30, 1955: The trial court made and entered its order providing that unless petitioner, within 10 days, de-

posited the additional sum of $3,000 pursuant to the provisions of section 948 of the Code of Civil Procedure as amended (Stats. 1955, ch. 194, § 1), effective September 7, 1955, the order previously entered on July 15, 1955, staying execution of the judgment in case Number 29411, would be vacated and of no force and effect.

The first question now presented to this court is whether or not the 1955 amendment to section 948 of the Code of Civil Procedure applies retroactively to petitioner's appeal which was perfected on July 15, 1955, and therefore prior to the effective date of the amendment to said code section.

Section 942 of the Code of Civil Procedure requires a written undertaking by an appellant to stay execution on an appeal from a judgment directing the payment of money. Section 948 of that code, prior to the 1955 amendment, provided for the deposit in the trial court of the amount of the judgment appealed from in lieu of an undertaking. However, as amended the section now provides that the amount of such deposit shall be a sum fixed by the court to be the amount of the judgment, plus probable interest thereon pending the appeal, and costs on appeal.

The attacked orders of the trial court raise two questions: (1) Did the court give retrospective operation to section 948 as amended, and (2) did the court, by its action regarding case Number 28996, in effect require security of the petitioner in addition to that required by section 948, or otherwise attempt to enforce execution of the judgment after the appeal was perfected.

█ Any discussion of the first question must be approached in light of the ". . . established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent." (*Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388, 393 [182 P.2d 159].) █ There is no question but that the statute here in question is procedural, and while procedural changes operate on existing causes of action, that is not to say that they have retrospective effect. "In other words, procedural statutes may become operative only when and if the procedure or remedy is invoked, and if the trial postdates the enactment, the statute operates in the future regardless of the time of occurrence of the events giving rise to the cause of action. [Citation.] In such cases the statutory changes are said to apply not

because they constitute an exception to the general rule of statutory construction, but because they are not in fact retrospective. There is then no problem as to whether the Legislature intended the changes to operate retroactively.'' (30 Cal.2d 388, 394.) Or as was held in *Olivas* v. *Weiner*, 127 Cal.App.2d 597, 600 [274 P.2d 476], ''Statutes are presumed to operate prospectively. (See Civ. Code, § 3, and Code Civ. Proc., § 3.) . . . A statute is not made retroactive merely because it draws on facts existing prior to its enactment. Thus changes in procedural law have been held applicable to existing causes of action. The effect of such statutes is actually prospective in nature since they relate to procedure to be followed in the future. [Citing cases.]''

In *Pignaz* v. *Burnett*, 119 Cal. 157 [51 P. 48], an amendment reducing the time allowed for appeal from a judgment from one year to six months was held not to operate retrospectively upon a judgment entered prior to the effective date of the amendment. Again in *Blade* v. *Superior Court*, 102 Cal.App. 375 [283 P. 81] an amendment requiring that the record on appeal contain a bill of exceptions was held not to apply to an appeal filed prior to the date of the amendment. ██ It necessarily follows for the reasons stated that section 948, as amended, could not affect the statutory stay afforded petitioner upon the perfection of his appeal by compliance with that section as it read on July 15, 1955.

The problem posed in petitioner's second question is that if plaintiff, in action Number 29411, could collect the amount of the judgment entered therein by impressing a lien upon petitioner's cause of action in case Number 28996, then the staying of the execution through the perfection of his appeal in action Number 29411 is wholly meaningless and his appeal from that judgment would be completely destroyed. ██ It is the rule that, ''A duly perfected appeal divests the trial court of further jurisdiction in the cause and of power to act other than with respect to specified excepted or collateral matters [citing cases].'' (*Sacks* v. *Superior Court*, 31 Cal.2d 537, 540 [190 P.2d 602].) None of the matters referred to therein are applicable here. Thus it has been held that under the express declaration of section 946 of the Code of Civil Procedure, the trial court had no power to vacate or modify an order fixing the amount of a stay bond as provided in section 945 relative to undertakings on appeal concerning real property after a bond had been filed in compliance with

the original order of the court so as to thereafter require a bond in a larger amount. And in *McClintock* v. *Powley*, 210 Cal. 333 [291 P. 833], it was held that neither a trial court nor an appellate court could require additional security. Again in *Jameson* v. *Chanslor-Canfield etc. Oil Co.*, 173 Cal. 612 [160 P. 1066], it was held that the Supreme Court had neither inherent nor statutory power to require further security as a condition to the maintenance of a stay of execution of the judgment. The court therein, in summing up its conclusion, stated at page 615, ''The law declares, in substance, that when the security so required is once given, the status insofar as the matter of stay pending appeal is concerned, is irrevocably settled, save as it may be affected by proceedings in the trial court . . .'' but then only pursuant to specific code provisions. ▌ It also may be said that process of the court having been invoked after the appeal was perfected to enforce the very judgment from which the appeal was taken, the writ may be granted as a corrective measure to rectify the proceedings so taken in violation of the statutory stay. (*Estate of Dabney*, 37 Cal.2d 402, 408 [232 P.2d 481] ; *Smith* v. *Smith*, 18 Cal.2d 462, 466 [116 P.2d 3].)

It is therefore ordered that the order of the trial court dated September 8, 1955, setting aside the dismissal previously filed in case Number 28996, permitting respondent to intervene therein, to set the cause for trial and to prosecute it to final conclusion, and the order of September 30, 1955, compelling petitioner to deposit the additional sum of $3,000 in order to stay execution of the judgment pending his appeal in case Number 29411, are hereby vacated and the writ will issue restraining respondent superior court from taking any further proceedings for the enforcement of the judgment heretofore entered in case Number 29411 or any further proceedings in case Number 28996, pending the determination of the appeal in case Number 29411.

Van Dyke, P. J., and Schottky, J., concurred.