[No. F004228. Fifth Dist. Aug. 12, 1985.]

SUSAN P. LAZELLE et al., Plaintiffs and Appellants, v.
CLYDE WALLACE LOVELADY et al., Defendants and Respondents.

**COUNSEL**

Young, Wooldridge, Paulden, Self, Farr & Griffin, G. Neil Farr and Larry R. Cox for Plaintiffs and Appellants.

Clifford, Jenkins & Brown and Patrick J. Osborn for Defendants and Respondents.

## OPINION

**IVEY, J.**[*]—In this appeal from a judgment of dismissal, we are called on to decide whether the five-year period within which the action was required to be brought to trial was tolled while the case trailed on the civil active list and which version of Code of Civil Procedure section 1141.17[1] applies.

Susan P. Lazelle and Frank Mitchell (appellants) appeal from a judgment of dismissal entered against them and in favor of Clyde Wallace Lovelady and Five Star Trucking (respondents), as a result of appellants' failure to bring the case to trial within five years from the date of the filing of the complaint, and from the denial of various postdismissal motions. Appellants contend the trial court abused its discretion in dismissing the action and in denying their motions.

We conclude the trial court did abuse its discretion in granting the motion to dismiss and in entering the judgment of dismissal; this finding obviates the need to discuss appellants' other contentions.

### FACTS

On November 27, 1978, appellants filed a complaint against respondents and others[2] alleging personal injuries and property damage suffered in an automobile accident in June 1978. Respondents answered on January 6, 1982. Pursuant to an "Order to Specially Set Case for Trial" (granted on July 6, 1983), the trial was set for September 14, 1983. On that date there were no courts available and the case began trailing on a day-to-day basis. On November 22, 1983, five days before the running of the five-year limitation period, appellants filed an "Election of Arbitration" pursuant to California Rules of Court, rule 1600 et seq.

After appellants' election to arbitrate, the case was taken off the civil active list and placed on the arbitration list. On November 27, 1983, the five-year period expired. On December 29, 1983, respondents filed a motion

---

[*]Assigned by the Chairperson of the Judicial Council.

[1]All statutory references are to the Code of Civil Procedure.

[2]The complaint designates additional named and Doe defendants; this appeal, however, involves only Mr. Lovelady and Five Star Trucking.

to dismiss for lack of prosecution pursuant to section 583, subdivision (b).[3] The motion was heard on January 19, 1984, and granted on February 22, 1984. The arbitration hearing was held on February 14, 1984, and the award was filed on April 5, 1984.

On February 24, 1984, appellants filed various motions including (1) motion to set aside and vacate judgment pursuant to sections 663a, and 663; (2) motion for reconsideration of motion to dismiss pursuant to section 1008; and (3) motion to set aside order of dismissal pursuant to section 473. On February 27, 1984, appellants filed a motion for new trial. The motions were denied on May 7, 1984.

DISCUSSION

I.

THE FIVE-YEAR LIMITATION PERIOD FOR BRINGING THE CASE TO TRIAL WAS TOLLED WHILE THE CASE WAS TRAILING ON THE CIVIL ACTIVE LIST.

At all times relevant hereto, section 583, subdivision (b) provided, in part, "[a]ny action . . . shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

■ Operation of section 583, subdivision (b) is mandatory unless appellants can bring their case within one of the statutory exceptions or within an implied exception recognized by the court. (*Camille's Corp.* v. *Superior Court* (1969) 270 Cal.App.2d 625, 626 [75 Cal.Rptr. 868].) The burden of proving such exception rests with appellants. (*Muller* v. *Muller* (1960) 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419].)

■ When it is impossible, impracticable, or futile to bring the action to trial within the limitation period, the period is tolled. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347], superseded by § 583.340.) "What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citation.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (*Moran* v. *Superior Court*

---

[3]Section 583, subdivision (b) has since been repealed. The operative statutes are now found in section 583.310 et seq.

(1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216].) "A determination of due diligence requires an examination of the circumstances existing throughout the five-year period. [Citations.]" (*Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 223 [213 Cal.Rptr. 132].)

As this court has noted, reasonable diligence alone is not sufficient to protect a party from the operation of section 583, subdivision (b). Rather, "reasonable diligence constitutes a guideline by which to assess the existing exceptions of impossibility, impracticability or futility." (*Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105 [191 Cal.Rptr. 549], cited with approval in *Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238.)

▆ Appellants contend that, because their case was trailing for 69 days (from September 14, 1983, the date set for trial, to November 22, 1983, the date they elected arbitration) due to the unavailability of a judge and courtroom, it was impossible to bring the case to trial within the five-year limitation period, and the five-year period should be tolled for a minimum of 69 days.

Initially, it must be noted that appellants are responsible in large part for the situation in which they find themselves. While appellants—at least after obtaining the order specially setting the case—exercised reasonable diligence in attempting to bring it to trial,[4] their diligence in the earlier stages of the case is questionable. There is no explanation in the record for the delay of almost three years in serving the summons and complaint.

A comparison of the facts here and in *Westinghouse Electric Corp.* v. *Superior Court, supra,* 143 Cal.App.3d 95 is instructive. In *Westinghouse,* the summons and complaint must have been served immediately—the answer was filed only 67 days after the complaint. One year and two days later, the plaintiff filed its first at-issue memorandum and the first settlement conference was set only four and a half months after that, or only 17 and one-half months after the filing of the complaint. Before the running of the statutory period, the plaintiff filed three more at-issue memoranda. The trial court found "that nearly all the delay in the case was either at the request of . . . or for the benefit of the defendants; [and] that the delay was not due to the unreasonable conduct of [the plaintiff]." (*Id.,* at p. 102.) The trial court denied the defendant's motion to dismiss and this court denied the latter's petition for writ of mandate.

---

[4]They appear to have been ready, willing and able to go to trial on September 14, 1983, and anytime thereafter.

By comparison, in the case at bench nothing in the record suggests that respondents were dilatory at any stage of the proceedings below and, as noted above, nothing explains appellants' failure to serve respondents for almost three years.

Furthermore, appellants' delay in submitting the case to arbitration until five days before the running of the five years tends to undermine the purpose of arbitration, i.e., simple, economical and prompt resolution of disputes. (§ 1141.10.) ██ As noted by the California Supreme Court in *Moran* v. *Superior Court, supra:*

" '. . . [Since] a major purpose of arbitration is to avoid . . . labor and expense . . ., it would seem unwise policy to encourage a delay in commencement of arbitration by permitting plaintiff . . . to wait until the eleventh hour in the statutory life of an action before instituting arbitration by unilateral election *while enjoying the protection of the tolling of the diligent prosecution statute* [§ 583].' *(Davenport* [v. *Vido Artukovich & Son, Inc.* (1983)] 141 Cal.App.3d [60] at pp. 64-65. . . .)" *(Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 235, fn. 5.)

". . . The aim of section 583 is to 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed . . . [and] to protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.' [Citations.]" *(Id.,* at p. 237.)

Tempering all of the foregoing, however, is a clear legislative and judicial preference for resolution of claims by arbitration, and for disposing of litigation on the merits rather than on procedural grounds.

██ In any event, notwithstanding appellants' questionable diligence, we conclude that the section 583, subdivision (b) period *was* tolled for the 69 days the case trailed on the civil active list due to the unavailability of a judge and courtroom. Furthermore, we find no authority which even suggests that appellants may be deprived of that additional period within which to bring the case to trial, even though by electing to arbitrate they voluntarily withdrew the case from the civil active list.[5]

██ Section 583, subdivision (b) is a procedural, not a jurisdictional, statute. "Its purpose is to 'prevent *avoidable* delay for too long a period

---

[5]The trial court noted that appellants' "request for arbitration . . . resulted in at least one case which was trailing *behind* this case, going to trial . . ., tried to jury verdict in December 1983 . . . i.e., if considered to be trailing, this case was not tried at the earliest opportunity past the running of the . . . five year period." (Italics in the original.)

. . . not . . . arbitrarily to close the proceeding at all events in five years . . . .' [Citation.] . . . ." (*Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908].)

A number of cases are instructive in the determination of what constitutes avoidable delay. In *Nail* v. *Osterholm, supra,* the complaint was filed on October 23, 1963, and a pretrial conference was held on February 9, 1967. A "few months later" on the day of trial the judge to whom the case was assigned informed counsel that he knew one of the defendants, and plaintiff filed a 170.6 disqualification; the judge dismissed the jury panel without taking the case off calendar. In May 1968, when plaintiff's counsel inquired about a new trial date, he was informed a new memorandum to set was required. He filed the new memorandum to set on May 28, 1968. Thereafter, plaintiff made a motion for change of venue which was denied. On August 21, 1968, the trial was set for February 10, 1969. On October 15, 1968, plaintiff moved to advance the case because of the imminence of the end of the five-year period. Defendants countered with a motion to dismiss under section 583, subdivision (a); the court denied both motions holding that the delay was not attributable to plaintiff. On December 6, 1968, defendants moved to dismiss under section 583, subdivision (b). The motion was granted. On appeal, this court reversed and held: "Following the course so clearly charted by our Supreme Court, we hold that section 583 must be reconciled with the fundamental right of a litigant to disqualify a trial judge pursuant to the provisions of section 170.6. Accordingly, we also hold that if a case is timely set for trial, and if thereafter a challenge against the trial judge to whom it is assigned is allowed, . . . the period that the trial is held in abeyance pending the assignment of another judge is to be disregarded in considering a subsequent motion to dismiss." (*Ibid.*) The court noted counsel's failure to make any inquiry regarding resetting the trial date for almost 11 months after the judge's disqualification, but found the delay excusable (*id.,* at pp. 687-688), concluding "[w]hen all of the circumstances are weighed and considered, counsel's neglect was not of the magnitude to require a forfeiture of his client's rights." (*Id.,* at p. 688.)

An exception to dismissal under section 583, subdivision (b) has also been recognized when, as here, the delay in bringing a case to trial is due, at least partially, to court congestion. ■ As a general rule, "'that time consumed by the delay caused by ordinary incidents of proceedings like . . . the normal time of waiting for a place on the court's calendar is [not] to be excluded from a computation of the five-year period.'" (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d at p. 548.) "When, however, a plaintiff has waited the normal time for a place on the calendar and has been assigned such a place well within the five-year period, his inability thereafter to proceed to trial because of continued court congestion should not

be chargeable to the five-year period. '. . . It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. . . . [C]ourt congestion is no reason to preempt one's day in court when there is a reasonable time to provide it.' [Citations.]" (*Goers v. Superior Court* (1976) 57 Cal.App.3d 72, 74-75 [129 Cal.Rptr. 29].)

In *Goers,* the petitioner petitioned for a writ of mandate ordering the trial court to commence trial within the statutory time period or, alternatively, a writ of prohibition restraining the court from a dismissal under section 583, subdivision (b).[6] The delay in getting to trial after the matter was set was attributable to court congestion. The appellate court issued a writ of mandate directing the trial court to conduct a trial, "within the five-year statutory period as computed [below]": "Upon being advised by respondent on September 8, 1975 [the date set for trial], and on each subsequent date set for trial, that courtroom facilities were unavailable, it became impossible for petitioner to proceed to trial. The period from September 8, 1975, until such time as this opinion becomes final, therefore, shall not be included in computing the period under Code of Civil Procedure section 583, subdivision (b)." (*Goers v. Superior Court, supra,* 57 Cal.App.3d at p. 75; also see *Bennet v. Bennet Cement Contractors, Inc.* (1981) 125 Cal.App.3d 673 [178 Cal.Rptr. 633]; and *Breacher v. Breacher* (1983) 141 Cal.App.3d 89 [190 Cal.Rptr. 112].)

While appellants' apparent delay in the early stage of the proceedings and their ill-advised opting for arbitration only five days before the end of the calendar five-year period, like the plaintiff's 11-month delay in *Nail,* are "not commendable, [they are] at least excusable. When all of the circumstances are weighed and considered, counsel's neglect was not of the magnitude to require a forfeiture of his clients' rights." (*Nail v. Osterholm, supra,* 13 Cal.App.3d at p. 688.) A conclusion that appellants exercised sufficient due diligence is warranted.

We reject respondents' argument that there can be no tolling prior to the running of the entire statutory period—their argument essentially being there is no need to toll until the period has run and a plaintiff's right to a trial is in jeopardy. The California Supreme Court, in *Hartman v. Santamarina* (1982) 30 Cal.3d 762, 768 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833], explicitly held that abeyance due to unavoidable delay is not conditioned upon the abeyance stretching beyond the fifth anniversary of the commencement of the action.

---

[6]The petitioner filed his petition two days before a stipulated extension to the five-year period would have expired, after being advised that the case would not go on or before the latter date.

Thus appellants' action was still pending beyond November 27, 1983, the five-year anniversary from the commencement of the action, and beyond January 1, 1984, the effective date of the amended version of section 1141.17.

## II.

Section 1141.17, as Amended Effective January 1, 1984, Applies Here.

At the time appellants elected to arbitrate and at the time respondents filed their motion to dismiss, the running of the five years was tolled if the matter was "[submitted] to arbitration pursuant to a court order." (§ 1141.17.)[7] Had the five-year period not been extended for the 69 days the case was trailing on the civil active list, that version of section 1141.17 would have controlled and, since it did not provide for tolling when an action was voluntarily submitted to arbitration, appellants' request for arbitration on November 22, 1983, would have done nothing to further toll the five-year period.

However, the running of the five-year period was tolled while the case was trailing on the civil active list, and the case was still pending when the amended version of section 1141.17 became effective on January 1, 1984. As a result of that amendment, tolling now occurs whenever an action is submitted to judicial arbitration whether by court order or by plaintiff's election.[8]

---

[7]Section 1141.17, prior to January 1, 1984, read as follows: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

The correct definition of the phrase "pursuant to a court order" found in this version of section 1141.17, created some confusion. In *Fluor Drilling Service, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1009, 1011-1012 [186 Cal.Rptr. 9], the court concluded that submission of a case to arbitration at plaintiff's election is court ordered. Other courts, including most recently the California Supreme Court (in *Moran* v. *Superior Court, supra*, 35 Cal.3d at p. 234, fn. 5), reached a contrary conclusion and held that the tolling provision of the section applied only to compulsory court-ordered arbitration.

[8]Section 1141.17, effective January 1, 1984, provided:

"(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Section 583, except as provided in this section.

"(b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five year period specified in subdivision (b) of Section 583." (Section 1141.17 was amended again in 1984 to reflect the reorganization of section 583.)

It is now clear that tolling of the statute is not conditioned upon the requirement that the arbitration be court ordered within six months of the expiration of the five years—with the abeyance period running from the date of the order to the date of the filing of the arbitration award—but only that the case be or remain submitted to arbitration more than four years and six months after the complaint was filed—with the abeyance period running from the date four years and six months after the complaint was filed to the date of the filing of a request for a trial de novo after an arbitration ruling.[9]

Furthermore, it is of no consequence that the action accrued, or that the arbitration election was made, prior to the effective date of the amendment. ▮ Legislative changes in rules of procedure are applicable to pending actions without regard to whether the action accrued before or after the amendment, provided vested rights are not affected (58 Cal.Jur.3d, Statutes, § 24, p. 342; *Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45, 48-49 [165 Cal.Rptr. 552]; *Brown* v. *Friesleben Estate Co.* (1956) 139 Cal.App.2d 1, 4-5 [292 P.2d 952]) and section 1141.17, is procedural in nature.

▮ On January 1, 1984, with the benefit of the 69 days the statute was tolled, appellants still had 35 days within which to bring their case to trial. ▮ ▮ ▮ Application of section 1141.17, as amended, created another tolled period commencing May 27, 1983—four years and six months after appellants filed the action.[10]

For the protection of all parties[11] and by way of guidance to the court, the parties shall have 30 days after this opinion becomes final in which to

---

[9]Respondents argue that neither version of section 1141.17 is applicable since appellants did not submit the case to arbitration pursuant to the Code of Civil Procedure but pursuant to California Rules of Court, rules 1600, et seq., and the rules have not been amended to conform to the amendments to the code.

Pursuant to both versions of section 1141.14, the rules "provide . . . for practice and procedure for all actions submitted to arbitration under this chapter. The . . . rules shall provide for and conform with the provisions of this chapter." Therefore, there is not, as respondents argue, a separate form of arbitration provided by the rules—the rules merely *implement* the code sections. Also, respondents point us to no relevant provisions in the rules which have been rendered obsolete or inapplicable by the code amendments.

[10]We are not deterred from this conclusion by the requirement of section 1141.12, subdivision (c), as amended, that an election must be filed "no later than 90 days before trial, or at a later time if permitted by the court", since from the record it is clear court permission could have been obtained. At the hearing on appellants' postdismissal motions, the presiding judge testified that during his two years in that position his "blanket policy" was "as long as [a case] is eligible for arbitration and it meets the requirements, the financial limitations, and there is [*sic*] no cross-complaints involved . . . to order it to arbitration *at any time.*" (Italics added.)

[11]No one requested a de novo trial after the arbitration award (which is not surprising under the circumstances here) and, absent such a request, the award would have become final "30 days after the date the arbitrator file[d] the award with the court." (§ 1141.20, subd. (a).)

request a trial de novo; any such trial shall be calendared in accordance with provisions of section 1141.20, subdivision (b); and the period between May 27, 1983, and the date the request for the de novo trial is filed shall not be included in computing the five-year period. Of course, if there is no request for a de novo trial, the arbitration award stands.

The judgment is reversed.

Franson, Acting P. J., and Martin, J., concurred.