[No. G007144. Fourth Dist., Div. Three. Jan. 30, 1990.]

CAROLYNE JACKSON et al., Plaintiffs and Appellants, v. GLENDA AVON GARMON, Defendant and Respondent.

**COUNSEL**

Jeffrey C. Metzger for Plaintiffs and Appellants.

Bonne, Jones, Bridges, Mueller, O'Keefe & Hunt, John C. McCarty, Cummins & White, Marshall T. Hunt and Helen Hess for Defendant and Respondent.

## OPINION

**SONENSHINE, J.**—Carolyne and Anabel Jackson appeal a judgment of dismissal of their complaint for damages against Glenda Aron Garmon. They contend their request to arbitrate the action, filed within six months of the expiration of the five-year statute of limitations, tolled the limitations period.

### I

On June 4, 1982, Carolyne and Anabel Jackson were injured in an accident. On May 31, 1983, they filed their complaint for personal injuries against Glenda Garmon; Garmon answered and cross-complained. Some *modicum of discovery occurred over the next few months,* and the Jacksons answered the cross-complaint. An at-issue memorandum was not served until March 24, 1988, just over two months before the running of the five-year statute of limitations. On that day, the Jacksons also mailed a copy of their election to arbitrate to Garmon. On May 3, the trial court ordered the matter to arbitration based on the Jacksons' request.

Meanwhile, on April 20, Garmon had filed a motion to dismiss (Code Civ. Proc., §§ 583.310, 583.360, 583.410)[1] but because it gave insufficient notice, the motion was refiled May 4. On May 23, the motion was granted pursuant to section 583.360; the court found the request for arbitration did not toll the five-year statute. It was convinced the amendment to section 1141.17 did not change the former rule, i.e., that consensual reference to arbitration would not toll the statute. The court was also concerned with the difference between the language of section 1141.12, subdivision (b)(ii), plaintiff's "election" to arbitrate, and section 1141.17, tolling actions "submitted" to arbitration. A motion for reconsideration was denied.

### II

We here address a change in the wording of section 1141.17, which deals with the tolling provisions applicable to judicial arbitration. In particular, the issue is whether the limitations period is tolled by a unilateral request for arbitration by the plaintiff (§ 1141.12; Cal. Rules of Court, rule 1601(b)),[2] which results in the case being placed on the arbitration hearing list during the final six months prior to the running of the five-year mandatory dismissal statute. The earlier version of the statute, its interpretation by the courts, and a discussion of the present section follow.

---

[1] All statutory references are to the Code of Civil Procedure.

[2] All numbered rule references are to the California Rules of Court.

Former section 583, subdivision (b) stated an action "shall" be dismissed unless "brought to trial within five years . . . ." At that time, section 1141.17 provided in pertinent part: "Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award." The Judicial Council added rule 1601 to implement the statute; (d) of the rule provided: "When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."[3]

There are three methods for entering the judicial arbitration arena: by stipulation of the parties, by plaintiff's election, or by order of the court. The former two were termed "consensual," the latter, "mandatory." Former section 1141.17, quoted above, allowed tolling only for "[s]ubmission to arbitration *pursuant to a court order* . . . ." (Italics added.) This was interpreted to mean submission arising from the court conference outlined in section 1141.16, i.e., mandatory rather than consensual referral to arbitration. The applicable judicial rule reinforced this interpretation. It recognized stipulations (rule 1601(a)) and a request by plaintiff (rule 1601(b)); however, *absent either of those situations*, the court could order arbitration (rule 1601(c)); and only rule 1601(c) submissions qualified for tolling (rule 1601(d)). Although there were appellate opinions to the contrary, the Supreme Court, in a footnote, adopted this view: "Clearly, the tolling provision of section 1141.17 applies only to cases that are mandatorily submitted to arbitration pursuant to section 1141.11." (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 235, fn. 5 [197 Cal.Rptr. 546, 673 P.2d 216].)[4]

Effective January 1, 1984, section 1141.17 was amended to read, in pertinent part: "If *an action* is or remains submitted to arbitration *pursuant to this chapter* more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

---

[3] Section (c) of the rule read as follows: "Absent a stipulation or a request by plaintiff to submit to arbitration: (1) in superior courts, actions shall be placed on the arbitration hearing list at the conference when the court determines the amount in controversy . . . ."

[4] The reasons underlying this position were stated in *Davenport* v. *Vido Artukovich & Son, Inc.* (1983) 141 Cal.App.3d 60 [190 Cal.Rptr. 64]: "[I]t would seem unwise policy to encourage a delay in commencement of arbitration by permitting a plaintiff (or cross-complainant) to wait until the eleventh hour in the statutory life of an action before instituting arbitration by unilateral election while enjoying the protection of the tolling of the diligent prosecution statute." (*Id.*, at p. 65.)

(Italics added.) Because this section encompassed the timing requirements outlined in rule 1602(d), the latter subdivision was repealed.

Consequently, we are left with a statute which, on its face, does not make even a colorable distinction between consensual and mandatory arbitration. The statute of limitations is suspended for *an action pursuant to the judicial arbitration sections,* which action may arise by stipulation, plaintiff's request, or mandatory order of the court. Thus, a plaintiff's request for arbitration, which causes the court to place the matter on the arbitration hearing list, fits the description and will toll the five-year statute. Moreover, the repeal of subdivision (d) of rule 1601 reinforces this interpretation. It had mentioned tolling only in relation to subdivision (c), which in turn excepted voluntary submissions to arbitration. Now there is no wording, explicit or implicit, from which we may find a plaintiff request for arbitration should be treated differently than a court-ordered submission to arbitration.

The Legislature enacted the judicial arbitration statutes to "encourage or require the use of arbitration for [minor civil disputes] whenever possible." (§ 1141.10, subd. (a).) The intent was to "provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of their disputes." (§ 1141.10, subd. (b)(1).) Ideally, this envisions early submission to arbitration, before entering the fray of heavy caseloads, delay and not inconsiderable expense. Nonetheless, a decision by the plaintiff to request arbitration may not become feasible until sometime during the last six months of the five-year period. This is so not only because of facts uncovered during discovery but also the millstone the plaintiff must accept for the privilege of filing his request to arbitrate: "the plaintiff agrees that the arbitration award shall not exceed the amount in controversy as specified in Section 1141.11." (§ 1141.12, subd. (b)(ii).) ■ *And,* if the plaintiff receives an award equal to the "amount in controversy," he or she cannot request a trial de novo. (*Robinson* v. *Superior Court* (1984) 158 Cal.App.3d 98, 102 [204 Cal.Rptr. 366].)

Practicing California Judicial Arbitration (Cont.Ed. Bar 1983), published prior to the decision in *Moran*, recognized the apparent application of former section 1141.17 to court-ordered arbitration submissions only. However, it argued, "[t]he tolling provisions should apply to all actions that find their way to arbitration, whether by court order, election, or stipulation. A contrary interpretation would have a chilling effect on arbitration—a plaintiff who is within the six-month period required for tolling will never agree to arbitration by election or stipulation if the plaintiff is not assured that the time is tolled for the computation of the period under CCP § 583(b)." (*Id.,* at § 2.21, p. 27.) The 1989 supplement notes the amended version of section 1141.17 "applies to all actions that find their way to arbitration whether by court order, election, or stipulation." (*Id.,* at § 2.21, pp. 11-12.)

In 6 Witkin, California Procedure (3d ed. 1985) Proceedings Without Trial, section 160, page 469, the author comes to a similar conclusion: "Since C.C.P. 1141.17(b) now refers to actions submitted *pursuant to this chapter,* it applies to both compulsory and consensual arbitration."

And in *Lazelle* v. *Lovelady* (1985) 171 Cal.App.3d 34 [217 Cal.Rptr. 145], the court stated, without further analysis, "tolling now occurs whenever an action is submitted to judicial arbitration whether by court order or by plaintiff's election." (*Id.,* at p. 43, fn. omitted.) The court in *Porreco* v. *Red Top RV Center* (1989) 216 Cal.App.3d 113 [264 Cal.Rptr. 609], although addressing a stipulation for binding arbitration, agreed: "[T]he effect of this amendment [to section 1141.17] was to make the tolling provision apply whenever an action is submitted to judicial arbitration, regardless of whether this is accomplished by court order." (*Id.,* at p. 124.) We recognize that *stipulated* agreements to arbitrate do not raise the same concerns as an 11th-hour plaintiff's request for arbitration. Having *agreed* to the arbitration, the defendant cannot claim prejudice. ■■■■ Nonetheless, the statute makes no distinction among the methods for initiating judicial arbitration—court-ordered, plaintiff-initiated, or by stipulation. We may not gratuitously add such a distinction.[5]

Garmon also suggests there is a patent difference between "submission to arbitration" (§ 1141.11, submission by the court) and placement "on the arbitration hearing list" (rule 1601(b), request by plaintiff). The matter is easily settled: "[T]he Supreme Court succinctly stated that 'if an action is referred to arbitration or if arbitration is pending during the six-month period preceding a section 583 deadline, the tolling provision of section 1141.17 is applicable.'" (*Niesner* v. *Kusch, supra,* 186 Cal.App.3d 291, 296.) Section 1141.12, subdivision (b)(ii) allows the plaintiff's election; rule 1601(b) provides: "Upon written request of a plaintiff to *submit an action to arbitration,* the action shall be placed on the *arbitration hearing list . . . .*" (Italics added.)

Last, we are referred to several legislative commission comments regarding the enactment containing the amendment to section 1141.17, in which the length of the tolling provisions in the dismissal statutes is stressed. Garmon insists, because there is no mention of an intent to abolish the mandatory/voluntary distinction, the distinction remains. Not so. Stressing time periods is understandable because the enactment was largely concerned with the massive reorganization and reconstruction of former

---

[5] Garmon spends an inordinate amount of time bemoaning the Jacksons' lack of diligence prior to their election to arbitrate. However, "a plaintiff is protected from the diligent prosecution five-year statute simply because the case is on the arbitration list during the last six months of the statutory five-year period and thereafter. [Citation.]" (*Niesner* v. *Kusch* (1986) 186 Cal.App.3d 291, 298 [230 Cal.Rptr. 613].)

section 583. Moreover, the legislative intent to abolish the distinction is manifested by the intentional exclusion of any language even suggesting disparate treatment.

The court erred in dismissing the Jacksons' complaint. ■ ■■ ■■ ■
■ Once the court grants the plaintiff's motion for election and places the action on the arbitration list, if it was either placed there or remained there more than four years and six months after the action was originally filed, section 1141.17, subdivision (b) will apply to toll the five-year statute.[6]

Judgment reversed. Appellants to receive costs.

Scoville, P. J., and Wallin, J., concurred.

A petition for a rehearing was denied Februray 14, 1990.

---

[6] If the issue before us were the propriety of *allowing* the Jacksons' *request for arbitration,* the analysis would not end here. But Garmon did not oppose, at the time by writ of mandate or now by cross-appeal, the court's order placing this action on the arbitration hearing list. (See *Sisler* v. *Superior Court* (1988) 205 Cal.App.3d 864, 866 [252 Cal.Rptr. 665].)

The *Sisler* court addressed a plaintiff's motion for referral to arbitration, heard and granted "on the last day prior to the running of the five-year statute." (*Id.,* at p. 866.) It concluded "referring the matter to arbitration was made without considering whether plaintiff . . . exercised reasonable diligence in bringing the case to trial. In determining a last-minute attempt to avoid the effect of the diligent prosecution statutes (§ 583.310 et seq.), all factors relevant to a plaintiff's effort to diligently bring the action to trial must be considered." (205 Cal.App.3d at p. 866.)

When, as here, a plaintiff makes a unilateral election to arbitrate, there is a built-in safety factor which may bring into play the same factors listed in *Sisler.* Section 1141.12, subdivision (c) provides: "Any election by a plaintiff shall be filed no sooner than the filing of the at-issue memorandum, and no later than 90 days before trial, or at a later time if permitted by the court." Thus, any election attempted in the last three months before the running of the five-year statute requires permission of the court. At this time, "the trial court should consider the factors relevant to a motion to dismiss under the discretionary dismissal provisions of section 583.420 prior to the entry of any order on the merits of the motion. [Citation.]" (*Sisler* v. *Superior Court, supra,* 205 Cal.App.3d 864, 868, fn. omitted.)